RANDOLPH SAUCIER v. CATHARINE AMARI.

1. BILL OF EXCEPTIONS. *Approval within ten days after term. Certificate of judge.*
   This court will not strike from the record in a case a bill of exceptions because filed with the clerk more than ten days after the expiration of the term of court, when such bill is signed by the judge, and purports on its face to have been so signed within ten days after the expiration of the term of court, as required by law.

2. SAME. *Under special act of February 25, 1882, providing for stenographers. Time of filing.*
   Under a special act of the legislature, which provides that in certain counties stenographers may be employed to take down testimony in the trial of causes in the circuit court, and makes it the duty of such stenographers to write out such proceedings and file a copy with the clerk of the court, and further provides that this copy " shall be made a part of the record, and when *filed and approved* by the judge, shall constitute the bill of exceptions *pro tanto*, without further forms," there being no intention expressed in the act to extend the usual time for perfecting such bills of exception, they must be filed with the clerk as required by the above act within ten days after the expiration of the term of court, in accordance with the provisions of the general law on the subject of bills of exception.

MOTION in Supreme Court.

The following motion was filed by the appellee herein.

" The appellee moves the court to strike out of the record the bill of exceptions, because it was not presented and signed by the judge either in term time or within the time prescribed by statute."

The bill of exceptions tendered to and signed by the judge on the judgment overruling the motion for a new trial and the motion to correct the verdict was filed December 19, 1885, but was certified to as follows :

" To which rulings of the court plaintiff excepted, and now excepts and tenders this, his bill of exceptions, within ten days after the adjournment of said term of court, and prays that it may be signed accordingly."

[Signed], " S. H. Terral, Judge." The date of signing is not given.

The term began on the 2d of November, 1885, and expired by law on the 14th of that month.

The special bill of exceptions, which consisted of the evidence taken down by a stenographer, was marked, "Approved, S. H. Terral, Judge. Filed, December 19, 1885."

The appellant suggested a diminution of the record as to certain evidence which ought to have been included in the special bill of exceptions, asked for a writ of *certiorari*, and also for a continuance.

*Roderick Seal*, for the motion.

The question presented to the court upon this motion is this: Were any bills of exception signed by the judge presiding within the time prescribed by the statute or at any other time? First, the Code of 1880, § 1718, requires bills of exception to any ruling of the court, made before the jury retire from the box, to be tendered and signed during the trial, or during the term of the court. This statute has reference only to the giving or refusing instructions asked by either party, and upon questions as to the admissions or refusing testimony, because these questions must come up while the case is before the jury.

This statute is mandatory and must be strictly complied with, and if not such a bill of exceptions cannot be filed and made a part of the record. The bill of exceptions shows that the same was tendered within ten days after the adjournment, but filed December 19, 1885, about thirty days after the adjournment. The filing of this is the only evidence that we have of the time said bill of exceptions was signed by the judge.

The statute further provides, when motions are made for new trial that are overruled, such bill of exceptions must be presented to the judge for his signature during the term or within ten days after the end of the term, and must be signed promptly by him if found to be correct. Was this done? We say no. The judge signed December 19, 1885, about twenty days and more after the time fixed by law. The court will see that. There was no bill of exceptions to the testimony. The court is referred to the case of *G. W. Jones, Receiver*, v. *E. P. Williams*, 62 Miss. 283.

*Ben. Lane Posey, contra.*

The presiding judge certifies that this bill of exceptions was tendered to him within ten days after the adjournment of the court.

He does not fix the day of the month when it was presented, and he need not. He says it was within ten days, and that is enough.   Nor does he fix the day of the month when he "approved" the testimony, as reported by the stenographer, and he need not.   All these were parts of the bill of exceptions, and all are included in his certificate ; for it is presumed the circuit judge knows what the bill of exceptions is, and especially that a bill of exceptions to the refusal of a motion for a new trial on the ground that the verdict of the jury was wrong on the evidence, brings up and includes the evidence as a part of it.

The bill of exceptions and the evidence were both filed in the clerk's office on same date, December 19, 1885.

But it is immaterial when they were filed in the clerk's office, or whether they were ever filed there.   There is no law that requires that a bill of exceptions shall be filed in the clerk's office, or when it shall be filed ; the only question is when it was presented to the judge, and of that fact the judge's certificate is conclusive.   If presented to the judge in time, it need never be filed at all in the clerk's office, or it may be filed two years afterward.

This motion is simply frivolous.

COOPER, C. J., delivered the opinion of the court.

The bill of exceptions signed by the judge to the judgment overruling the new trial asked by the plaintiff purports on its face to have been signed within ten days after the adjournment of the court.   We must assume that this certificate of the judge is true, and the motion to strike from the record the bill of exceptions must be disallowed so far as this bill is concerned.

The evidence introduced on the trial does not appear in this bill of exceptions, but in a special bill authorized by an act approved February 25, 1882, entitled "An Act to authorize the clerks of the Circuit Courts of Hancock and Perry Counties to employ a competent person to perform the duties of stenographer for the circuit courts of said counties, and for other purposes."   By this act stenographers employed are directed to take down the testimony and other matters and "within a reasonable time after the trial of any

cause to write out the proceedings as aforesaid, in plain, legible, long-hand writing, and file it, together with the original short-hand writing, with the clerks of said courts." Section 4 of the act declares, "that the proceedings had under this act shall be made a part of the record, and shall, *when filed and approved* by the judge of said court, constitute the bill of exceptions in the case *pro tanto,* without further forms."

As we have held in a former manuscript opinion, the evidence thus written out must be filed in the office of the clerk within ten days after the adjournment of the term. This statute only declares that the evidence so written out shall constitute the bill of exceptions when approved and filed, and there is no evidence in the act of a purpose to extend the time in which bills of exception may be taken. The time is still regulated by the general law, and after the lapse of ten days from the adjournment of the term there is no authority of law to file the evidence as a bill of exceptions. The motion to strike from the record the bill of exceptions is sustained so far as to strike out all that part of the record reduced to writing by the stenographer and filed on December 19. This was after the expiration of more than ten days from the adjournment of the court. The suggestion of diminution of the record, the motion for a *certiorari,* and for a continuance are disallowed. The defect suggested consists of a diminution of certain evidence which it is said should have been included in that portion of the record which we strike out. It would be useless to direct its correction, since the correction when made would follow the bill of exceptions, of which it would form a part.

*Ordered accordingly.*